UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Global Wealth Investments, Inc.,

    Plaintiff,

    v.

Shaun L. S. Donovan
Secretary, Department of Housing
and Urban Development, *et al.*,

    Defendants.

Case No. 1:14cv587

Judge Michael R. Barrett

## OPINION & ORDER

This matter is before the Court upon Defendants Columbus Metropolitan Housing Authority ("CMHA") and Assisted Housing Services Corporation's ("AHSC") Motion to Dismiss. (Doc. 9). Plaintiff Global Wealth Investments, Inc. filed a Response in Opposition (Doc. 15) and Defendants filed a Reply (Doc. 17). Defendants argue that Plaintiff's Complaint fails to state a claim upon which relief may be granted because no private right of action exists to enforce the Housing Act or HUD regulations.

### I. BACKGROUND

Plaintiff's claims center around a property Plaintiff purchased from Brican Properties in March of 2013. (Doc. 1, ¶¶ 7, 26). The property is a ten-unit residential apartment building. (Id., ¶ 8). In 2008, Brican had entered into a Housing Assistance Payment Contract ("HAP Contract") with AHSC, as an agent for CMHA, and Defendant U.S. Department of Housing and Urban Development ("HUD"). (Id., ¶ 9). AHSC and CMHA administered the HAP Contract for HUD. (Id. ¶¶ 10, 11). Pursuant to the HAP Contract, Brican was to receive subsidy payments from HUD to assist low-income

families living in the apartments. (Id. ¶¶ 12, 17). The payments were made pursuant to Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437f. Plaintiff relied on the existence of the HAP Contract in deciding to purchase the property, and anticipated that the HAP Contract would be assigned from Brican to Plaintiff. (Id., ¶¶ 25, 27, 29). Immediately after the closing on the property, Plaintiff made substantial repairs to the property based on communications from HUD, CMHA and AHSC. (Id., ¶¶ 30-32). These repairs were intended to correct deficiencies HUD found during inspections which took place when Brican owned the property. (Id.) However, after the repairs, the property failed an inspection in May of 2013, and HUD did not approve the assignment of the HAP Contract from Brican to Plaintiff. (Id., ¶¶ 48-49).

Plaintiff brings a single claim against CMHA and AHSC of "Breach of Housing Act." Plaintiff alleges that CMHA and AHSC are "subject to Section 8 and its related statutes, regulations, and HUD guidance" and that CMHA and AHSC "violated Section 8 and its related statutes, regulations, and HUD guidance." (Id., ¶¶ 55-56).

Plaintiff claims that CMHA and AHSC, on HUD's behalf, violated the Housing Act when they: (a) abated and withheld payments due under the HAP Contract, (b) failed to permit Plaintiff the opportunity to correct certain material deficiencies to the Property, (c) failed to properly review and approve Plaintiff's request to transfer the HAP Contract, and (d) terminated the HAP Contract. (Id. ¶ 57).

II. **ANALYSIS**

A. **Motion to Dismiss Standard**

When reviewing a 12(b)(6) motion to dismiss for failure to state a claim, this Court must construe the complaint in the light most favorable to plaintiff, accept the

2

plaintiff's factual allegations as true, and draw all reasonable factual inferences in plaintiff's favor. *See Reilly v. Vadlamudi*, 680 F.3d 617, 622 (6th Cir. 2012). To properly state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

### B. Housing Act

Congress amended the Housing Act of 1937 to create the Section 8 Housing Program. *See* 42 U.S.C. § 1437f, *et seq*. The Sixth Circuit has held that this section of the Housing Act does not provide tenants with a private cause of action:

> "[a]lthough residents of public housing undoubtedly 'benefit' from the statutory provisions at issue, the language of § 1437f has an aggregate focus on the entity being regulated, thereby belying any intent to create rights enforceable by individual tenants." *Johnson v. City of Detroit*, 446 F.3d 614, 627 (6th Cir. 2006).

*Lewis v. Wheatley*, 528 F. App'x 466, 468 (6th Cir. 2013); *but see Howard v. Pierce*, 738 F.2d 722 (6th Cir. 1984) (plaintiffs have an implied right of action against HUD to enforce the Brooke Amendment, which places a ceiling on rental prices); *Wright v. City of Roanoke Development & Housing Authority*, 479 U.S. 418, 107 S.Ct. 766, 93 L.Ed.2d 781 (1987) (tenants can maintain an action against local housing authorities, under 42 U.S.C. § 1983, for alleged violations of Brooke Amendment).[1]

Plaintiff acknowledges that federal case law does generally hold that tenants are barred from suing under the Housing Act, but argues that this does not equate to a prohibition against landlord's private right of action for improper terminations or violations of a HAP Contract. Plaintiff cites to 42 U.S.C. § 1437f(c)(1), which provides: "An assistance contract entered into pursuant to this section shall establish the maximum monthly rent (including utilities and all maintenance and management

---

[1]The Court notes that Plaintiff has not brought a claim pursuant to 42 U.S.C. § 1983.

3

charges) which the owner is entitled to receive for each dwelling unit with respect to which such assistance payments are to be made." Plaintiff argues that this provision creates an implied private right of action.

The Sixth Circuit has explained that "[a]bsent an express private right of action, federal courts may in certain circumstances find an implied right of action." *Care Choices HMO v. Engstrom*, 330 F.3d 786, 788 (6th Cir. 2003). The Supreme Court has outline four factors to consider when determining the existence of an implied statutory cause of action:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted, that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the States, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 788-89 (quoting *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975)). However, the Supreme Court has warned "that implying a private right of action 'is a hazardous enterprise, at best.'" *Id.* at 789 (quoting *Cort*, 422 U.S. at 571).

Beyond citing to 42 U.S.C. § 1437f(c)(1), Plaintiff has not specified how the Housing Act creates a federal right in its favor. Section 1437f(c)(1) itself only establishes that a specific term be included in a HAP Contract: "the maximum monthly rent" an owner is entitled to receive. With regards to the underlying purposes of the legislative scheme, the Sixth Circuit has explained that the Section 8 program "focuses on regulating the Secretary and the public housing agencies through the Secretary's promulgation of housing quality standards." *Johnson v. City of Detroit*, 446 F.3d 614,

627 (6th Cir. 2006) (quoting *Johnson v. City of Detroit*, 319 F.Supp.2d 756 (E.D.Mich. 2004)). The Housing Act itself states that the policy of the Act is to "remedy the unsafe housing conditions and the acute shortage of decent and safe dwellings for low-income families" and "to address the shortage of housing affordable to low-income families." 42 U.S.C. § 1437(a)(1)(A)-(B). Therefore, there does not appear to be a legislative intent to create a federal remedy which would allow Plaintiff, as the owner of the unit, to bring a private right of action based on improper terminations or violations of a HAP Contract.

Based on the foregoing, Defendants Columbus Metropolitan Housing Authority and Assisted Housing Services Corporation's Motion to Dismiss (Doc. 9) is **GRANTED**. Accordingly, Defendants Columbus Metropolitan Housing Authority and Assisted Housing Services Corporation are hereby **DISMISSED** as parties from this matter.

**IT IS SO ORDERED.**

                                          */s/ Michael R. Barrett*
                                       JUDGE MICHAEL R. BARRETT